UNITED STATES DISTRICT COURT
WESTERN DISTRICT
SAN ANTONIO DIVISION

FILED

JUN 15 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

JOHN BERNARD WILLIAMS III
Plaintiff
"PETITIONER"

SA23CA0770 OG

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

v

HON. Jefferson Moore
HON. Kristina Escalona
HON. Ron Rangel
HON. Melisa Skinner
CHIEF JUSTICE Rebecca Martinez
Joe Gonzales, B.C. D.A.
(RET.) HON. Charles J. Ramsay
John CHARLES Bunk, fiduciary
Edward Frances Shaunessey III ATTYS
Ray Fuchs, fiduciary,
Richard Langlois Dec'd ESTATE
LEO Caldera, CIV. B.C.A.
ET AL Defendants.

CLASS ACTION
CIVIL ACTION

42 U.S.C.S. §1981
28 U.S.C.S. § 1443, Rule 60(b)(1,2,3,6,)
F.R.Civ.Proc.,
THIRTEENTH Amendment, USCA

23 pages
(front/back)
'STAY application'

Plaintiff 'PETITION' FOR STAY OF EXECUTION FOR REMOVAL
EN BANC Reconsideration
'A 'timely' STATE Appealeable Action'

Now, John Bernard Williams III, Plaintiff, 'Pro Se', Appears to 'implore' this Federal Jurisdiction to intervene in the malicious prosecution styled THE STATE OF Texas v. John Bernard Williams III, Cause NO. 2019 CR 6240 to redress a wrongful conviction under appealeable remedies outlined in Tx Rules App. Proc., Tx Code Crim. Proc., and Tx Penal Code governed by THE Texas Constitution enjoined By U.S.C.A. Accordingly.

1

# Table of Contents

Interested Parties .......... ii

List of Authorities .......... iii

1. Opening Statement .......... 2

2. Constitutionality of a Statute .......... 2

3. Cause of Action .......... 3

4. Right To Removal Statute .......... 4

5. Nature of Case .......... 5

6. Aggrieved By Injustice .......... 7

7. Prior Civil Filings (Related) .......... 7

   a. Mathew Sheppard Hate Crime Act .......... 7

8. En Banc Removal .......... 11

9. Public Defender's Scheme .......... 13

   a. John Charles Bunk - Fraud Pattern .......... 14

10. Harm .......... 15

11. Argument And Authorities .......... 16

   c. Civil Rights Act of 1991 .......... 16

      (1) Thirteenth Amendment, USCA *** .......... 17

   d. Declaratory Judgment removeable .......... 18

12. Abuse of Power .......... 19

13. Wardius v. Oregon .......... 19

14. In Re Barr, Inquiry No. 67 .......... 20

   a. In Re Barr, Court Opinion .......... 21

15. Prayer .......... 21

Unsworn Declaration .......... —

# Interested Parties

1. John Bernard Williams III, Aggrieved party, Plaintiff, 'prose'

Defendants 'etal'

2. Hon Jefferson Moore, independantly, 'under color of law', Hate Crime Act
   Hon. Kristina Escalona - obstruction of justice, 52.01(a) Tx CCP Art
   Hon Ron Rangel - obstruction of justice, fraud, Faretta violations
   Hon Melisa Skinner - disqualified judge, ex-parte communications Faretta
   C.J. Martinez Rebecca - official oppression, Abuse of office, misconduct
   Joe Gonzales, BCDA - Prosecutorial vindictiveness, misconduct
   (Ret) Hon. Charles J. Ramsay - obstruction of justice, co-conspirator
   John Charles Bunk; fiduciary fraud, official oppression, Hate Crime
   Edward Shaunessey III, fiduciary fraud, official oppression, Hate Crime
   Roy Fuchs, fiduciary fraud, official oppression, Hate Crime
   Richard Langlois (dec'd) Estate, racial abandonment, official oppression
   Leo Caldera, CIV, BCA, fiduciary fraud, official oppression, Hate Crim

# List of Authorities

## Case                  Page(s)

1. In Re Inquiry (Hon. Ginsberg) 630 SW 3d 1, (Tex Spec. CT. Rev. 2018 — 3
2. In Re State, No. 04-14-00282-CV, (2014 Tex App Lexis 5653) — 3
3. Gonzalez v. Crosby, 545 U.S. 524, N. 3 — 10
4. Lamar v. United States, 241 U.S. 103 (1916), No. 895 — 10, 13
5. Liljeberg v. Health Svcs. Acquist. Corp. 486 US 847 (1988) — 11
6. Klapprott v. United States, 335 U.S. 601 (1949) (opin. Black. J) — 11
7. Mississippi v. Bumgaener, 250 F Supp 597, 1965 USDC Lexis 6148 — 11
8. Burgos v. Murphy, 692 F Supp 1571, USDC, S.D.N.Y. — 11
9. In Re Jones, 2009 CR 12902 (Atty Bunk fraud counsel) — 13
10. Faretta v. California, 422 US 806 — 13
11. Comcast Corp. v. Nat'l Ass'n African American Owned Media 140 ST 1009 — 14
12. Williams v. Mississippi, 170 U.S. 213, 18 S. CT. 583 (1898) — 14
13. Hill v. Equitable Bank, 655 F Supp 631 — 14
14. Holmberg v. Ambrecht, 327 U.S. 392 (1946) — 14
15. Bouquett v. Clemmer, 626 F Supp 46 (1985) — 15
16. Leonard v. City of Frankfort Elec. And Water Plant Bd, 752 F 2d 189 — 15
17. Runyon v. McCrary, 427 U.S. 160 — 15
18. Griggs v. Duke Power Co. 401 U.S. 421 (1971) — 16
19. Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989) — 16
20. In re Parrott, 1 F 481 (1880) — 16
21. Jenkins v. McCollum, 446 F Supp 667, (1978) — 16
22. Phillip v. Univ. of Rochester, 316 F 3d 294 (2003) — 17
23. Mohone v. Waddle, 564 F 2d 1018 (1977) — 17
24. Conceived Cit. of Neighbor. Schools v. Bd. of Ed. 379 F Supp 1233 — 17

# List of Authorities

| Case | Page |
|------|------|
| 25. Georgia v. Rachel, 384 U.S. 780, 86 S.CT. 1783 | 17 |
| 26. Johnson v. Mississippi, 421 U.S. 213, ~~96 S.CT. 1783~~ 96 S CT 1591 | 17 |
| 27. Greenwood v. Peacock, 384 U.S. 808, 86 S.CT. 1800 | 17 |
| 28. New York v. Jenkins, 422 F Supp 412 (1976) | 17 |
| 29. Walker v. Georgia, 417 F 2d 5 (1969) | 18 |
| 30. Johnson v. California, 473 F 2d 1044 (1973) | 18 |
| 31. McFarland v. Scott, 512 U.S. 849 (1994) | 18 |
| 32. Commonwealth v. Morris, 565 PA 1 | 18 |
| 33. Board of Education v. City Wide Comm., 342 F 2d 284 | 18 |
| 34. Wardius v. Oregon, 412 U.S. 470 | 19 |
| 35. In Re Barr, 13 SW 3d 525 (1998) | 19 |
| 36. In Re Quirk, 97-1143 (705 So. 2d 172) LA Lexis 3359 | 19 |
| 37. CJC Preamble, (1993) | 21 |

pg. 2
42 USCS 1981

# 1.
## Opening Statement

The Defendant's, hereinafter, 'Defendants et al', have repeatedly violated the Plaintiff's Equal Rights Under the Law as stated in 42 U.S.C.S. §1981 et seq. The Defendant's have participated in a real life "Ocean's 12" conspiracy of a Public Defender's Scheme or Artifice to defraud local municipality government funds to illegally 'Gaslight' a racially motivated prosecution and conviction. Plaintiff requests this Court's intervention of Inquiry of Criminal Liability under 28 U.S.C.S. §1443 et seq accordingly. The Plaintiff is illegally incarcerated, his original (2) Surety Bonds have been closed, and plaintiff's appellate rights may not be an "on-and-off" action in State Courts. Plaintiff seeks Declaratory Judgment and Relief and Defendant accountability noted, accordingly, to suffer an abolished detainment in Texas. USCA XIII.

# 2.
## Constitutionality of a Statute.

This 'Challenge' has been unanswered by (3) State Courts to protect the integrity of 'colleague' misconduct. Clerk records destroyed, Court Reporter Transcripts purchased and not filed are some of the discriminatory issues led by State Municipality of District Courts and "bleeding" to the Appellate Courts.

# 4.

Since November, 2020, State of Texas through Attorney General, even though the judges committed legal error(s) (plural), by issuing an Order unconstitutionally that a Pre-Trial Writ of Habeas Corpus is Not

(over)

pg.3
42USCS 1981

Appealable in 04-22-00698-CR, 04-22-00695-CR, And 04-22-00815-CR, without First serving notice, Tx Gov't Code 402.010, the error was Neither willful or persistent. In Re inquiry concerning Hon. Ginsberg, 630 SW 3d 1, 2018 Tex Lexis 525 (Tex. Spec. CT. Rev 2018) Plaintiff's Writ of Mandamus was available and denied (disposed) unconstitutionally. See 04-23-00221-CR, Order(s) April 19, 2023. A question of both State and Realtor-plaintiff's justiciable interest in the underlying controversy, and the state court's determination of the constitutional challenges without prior notice to the 'AG' deprived [plaintiff] of an important right and constituted an Abuse of discretion. In Re STATE, No. 04-14-00282-CV, 2014 Tex App Lexis 5653 (Tex App. San Antonio, May 28, 2014), Dissenting Rebecca Martinez, Justice (defendant et al), see Rep. Rec. 379th District Court, November, 2021 opinion (regarding 'AG' review of challenges in STATE COURT, Contrary the STATUTE.)

## 3.
## Cause of Action

That But For 'Defendant's et al' deprivation of equal right to contracts, evidentiary hearings, of equal benefits as enjoyed by white citizens, the results would have been different.

42 U.S.C.S. § 1981,

(a) "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws

"...and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

§ (b) "For purposes of this section, the term "make and enforce contracts", includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

§ (c) "The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of state law"

4.

Right To Removal Statute

28 U.S.C.S. § 1443, in part,

"Any of the following civil actions or criminal prosecutions, commenced in a state court may be removed by the [plaintiff] to the District Court of the United States for the district and division embracing the place where it is pending:

(over)

Pg. 5
42 uscs 1987

§ (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within jurisdiction thereof,

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

5.

NATURE OF CASE

"This recitation is an unsworn declaration that all statements are true to the best of my knowledge, so help me God."

"I, John Williams, and Company, Executive Pools was located, interviewed and hired by both the complainant, Dana Barnes, and spouse [sic] to build a permanent structured swimming pool for $3,000.00 (above ground), and was compensated. As of this statement, no request of refund has been made. The project was completed in (3) days. Myself and (2) co-workers built the swimming pool. On Day (3) complainant alleges plaintiff forced himself on complainant, in broad day light with co-workers present and complainant waited until plaintiff and co-workers removed all tools and equipment BEFORE calling the police to file a complaint. Complainant states daughters observed alleged incident from a second story window. A direct

pg. 6
42 USCS 1981

" ... window overview, that was closed. Plaintiff and co-worker also filed a complaint with police (a copy of complaint is an exhibit in the Pre-Trial Writ, but extracted from State's file). Plaintiff's retained counsel Richard Langlois, dec'd 9-12-22, primarily filed a Motion for Court Reporter Transcripts of all proceedings and a Brady Discovery and Disclosure of Complainant and Witnesses Criminal History, see clerk record, July 2019. STATE unopposed. A motion for Continuance to compel discovery is Granted, on January 31, 2020, signed by Charles Ramsay, visiting Judge. STATE failed to comply and destroyed attachments to Continuance and all exculpatory evidence. Judge Melisa Skinner voluntarily recused herself once plaintiff reminded her of the ex-parte appearance at the continuance hearing with my counsel, Richard Langlois. On 9/23/2020 Richard Langlois also withdrew from record and abandoned further termination of Representation Compliance to the plaintiff. Next Judge Ron Rangel commits fraud in the scheme to misappropriate public funds, in a conspiracy entitled 'PUBLIC DEFENDER Scheme; (secret appointed indigent counsel as 'hybrid representation'). Judge Ron Rangel when accused of his participation, also recuses voluntarily. Next is the racially biased, discriminatory conduct by Judge Jefferson Moore in 186th District Court. Harassment, Oppression ostracizing, and apparent anger at a black, competent, articulate, well-dressed and polite Pro Se litigant, ALL OF Plaintiff's pre-trial arguments and pretrial Habeas objections denied. Subpoenas of confrontation regarding Judge Charles Ramsay, and Richard Langlois denied. All of which leading to a further 'lynching of jury proffering ~~find~~ minus stand-by Assistance; an Order handed
( over)

Pg. 7
42 USCS 1981

'... down from the 144th Judge Skinner as [she] forced a conflict of interest, Ed Shaunessey as stand-by, against my objection. No stand-by reassigned after plaintiff filed a Motion To Excuse the racial bigot. (See why 186th rep rec. is unavailable for Motion For, new Trial, filed December 29 2022, Writ of Mandamus filed March 8, 2023, or filed for an effective agreed appellate record due by April 6, 2023). Now, plaintiff again asks this Court to Review the Plaintiffs last appealsable remedy in STATE Court, timely filed before June 12, 2023, accordingly. As Ordered. See 04-22-00695-CR records." Please accept this subparagraph as witness testimony in Cause No. 2019 CR 6240

## 6.

### Aggrieved by Injustice

First Amendment, USCA, burden to exhaust-redress all state remedies before requesting a removal to Federal Jurisdictional Intervention, the Plaintiff's chronological remedies are as follows: SATISFACTORY

(i) Cause No. 04-22-00698, filed October 19, 2022, Writ of Prohibition, Stay of Proceedings, paid by non-indigent plaintiff. (For a Mandamus relief to object to 186th judicial misconduct and the denial to review factrial Writ of Habeas Corpus. Which resulted in an equal rights retaliatory order by Judge Moore to remand plaintiff to custody and force a trial; with NO STAND-BY ASSISTANCE, NO ACCESS TO COURTS, NO ACCESS to legal files, NO proper clothing attire... AN Emmitt Till Lynching seek R.K

Pg. 8
42 USCS 1981

"only a pen, A yellow legal pad and a bottled water..."

(2) Cause No. 04-22-00815-CR, filed by paid server in Fourth Court of Appeals, December 6, 2021, same day as trial court judgment. Writ of Prohibition #(2) AND STAY OF EXECUTION OF SENTENCE, for PreTrial Writ Review. Motion For New Trial filed, under TRAP 25.2. Notice of Appeal, Clerk's Record, Reporter's Record, cause No. 04-22-00695-CR. Judge Moore refused to review (or release, rep. rec.) as so did Joe Gonzales, Dist. Atty and Fourth Court of Appeals dismissed notice of Appeal and opined 'you have No right to appeal.'... Chief Justice Rebecca Martinez. Retaliation to plaintiff to begin sentence while appeal pending until Order dated March 1, 2023... unconstitutionally. Also a Ruling contrary TRAP 34.6, missing transcript to intentionally deny equal rights to give evidence. 42 USCS § 1981 (a), as white citizens.

(3) Cause No. 04-23-00221-CR, Petition For Writ of Mandamus filed March 8, 2023 (60 pages with Exhibits). Upon review C.J. Rebecca Martinez, now (Third Judge vol. Recusal) voluntarily recuses herself of a conflict of 'colleague' not conflict of 'interest' because neither Justice nor spouse had any interest except to enforce a prior ruling regarding the identical equal rights Argument. Result: Retaliation, writ denied without fact-finding conclusion of law, no hearing, only Disposition entered (oppa

pg. 9

(42uscs 1981)

\* June 5, 2023 \* and new Order to "discourage appellate remedy"

(3) Now, Judge Kristina Escalona is Appointed (no court notification and appellate counsel John 'Bus' Ritenour), violating Faretta v. California, Sixth Amendment statute. Plaintiff immediately demands Faretta Hearing to withdraw 'un-agreed', NON-Contractual counsel agreement. Plaintiff has filed

\* Denied \*
June 5, 2023

Restricted and Accelerated Notice To Amend Appeal the WRIT OF ERROR in 04-23-00221-CR, However The Clerk of the Fourth Court assigns amended notice to 04-22-00698-CR and plaintiff's appellant brief assigned to 04-23-00221-CR? A hearing is warranted by an impartial jurisdiction accordingly.
\* Simultaneously Filed Brief denied unconstitutionally \*

7.

_Prior Civil Filings_

Rule 60 (b), F.R.Civ. P. 8 (b), states, in part, 'any other reason that justifies relief'

a.

MATHEW Sheppard Hate Crime Act

Rule 60 (b), in part, 'on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:



F.R. Civ. P. (b)(6),

&(1) mistake, inadvertance, surprise, or
excusable neglect,

(2) newly discovered evidence, that with
reasonable diligence could not have been
discovered in time to move for new trial,

(***)(3) fraud (whether previously called intrinsic
or extrinsic), misrepresentation or
misconduct by an opposing party.

Rule 60, in part, (d) The rule does not limit a court's power to
(1) entertain an independant action to relieve
a party from a judgment, order or proceeding,
or *(3) set aside a judgment for fraud on the court

(***) (60(b), Applying Gonzalez v. Crosby, 545 U.S. 524, n.3 was
in substance a second habeas petition, Pretrial Writ, filed,
November. 2020 and Post Writ on Bail Reinstatement - On Appeal,
the petition's meet certain stringent criteria ...), See Lamar
v. United States, 241 U.S. 103 (1916), No. 895, ("criminal
STATUTE where elected officer and officer's of the court
made criminal any overt act done in a falsely assumed
character ... Complaints are sufficiently detailed where
charges of acts and intent are stated the date and place,
and there is adequate proof of criminality") (**) Petr's Writ
of Mandamus is a second habeas per se.

F.R. Civ. P 60(b)(6), in part, "the particular provision permits
reopening when the movant shows "any ...

... reason justifying relief from the operation of the judgment"
Id at 529. cit. Liljeberg v. Health Services Acquisition Corp.,
486 U.S. 847, 863, N.11, 100 L Ed 2d 855, 108 S. CT. 2194 (1988);
also Klapprott v. United States, 335 U.S. 601, 613, 93 L. Ed 266,
69 S. CT. 384 (1949) (opinion of Black, J.)

## 8.
### En Banc Removal

"A single petition for removal under this section may encompass
only one action in State Court". Plaintiff selects Timely Filed 'Motion
En Banc Reconsideration in Fourth Court of Appeals, San Antonio, Tx,
mailed 6/6/2023; USPS # 7022 2410 0000 2853 8279, see
Mississippi v. Bungarner, 250 F Supp 597, 1965 U.S. D.C. Lexis
6148 (N.D. Miss. 1965). An "imprisoned inmate with a [prose]
representation of choice, involving various judges creating the
rules for and administering the panel of counsel, contrary
Burgos, the plaintiff in this case summary of "serious changes"
have factual and legal basis". see Burgos v. Murphy, 692
F. Supp 1571, U.S. D.C. S.D.N.Y.

## 9.
### Public Defender's Scheme

This Equal rights deprivation of law is conspired in this
documented scheme to sustain an illegal, selective and
malicious prosecution.

How Does [it] Work? A Defendant is unequivocally entitled a 6th and 13
and 14th Amendment Equal right to a fair trial and enjoy the equal

...protections of laws and statutes of the State of Prosecution. When there arises a clear conflict of interest in an attorney-client contractual relationship, unavoidable delays and continuances are inevitable and a 'frustration of a trial court'. Unfortunately, court dockets are a mass of defendant's, county jails are overpopulated as prisons and understaffed and attorney's are overwhelmed and sometimes biased with clients, and counsel ineffectiveness exists, either racially motivated or 'selective', yielding an unconstitutional conviction. In the plaintiffs argument, Richard Langlois did not suspect his client was observing an ex-parte communication, because the plaintiff observed another district attorney in the hearing and not ADA Brandon Ramsey. That A.D.A. was Melisa Skinner and after her appointment to Judge by Gov. Abbott on September 25, 2020, Judge Skinner had to destroy the discovery information of exculpatory evidence, a violation of TxCCP Art. 2.08 et seq. Brady, discovery is bound by TxCCP Art. 39.14(h), and compliance would have given the plaintiff a different result.

Plaintiff's objections to ex-parte conspiracy caused retaliation of recusal voluntarily; the 'fraud' appointments of John C. Bunk, 'Ed' Shaunessey, and Ray Fuchs the same day plaintiff's hearing is suspended for recusal. (See RR. 10/8/2020, and clerk's record). These falsified public defenders were a 'smoke-screen' to protect confrontation requirements of Richard Langlois, while Brady rights are violated, Speedy Trial Rights Breach, and the destruction of official court records. On 10/5/2020, the plaintiff's Motion for Bail Reduction (Richard's withdraw released surety), Judge Skinner preferred to incarcerate the plaintiff during the worst time of the pandemic in Bexar County Jail. See statistics in Pre-Trial
(over)

pg. 13
42 USCS 1981

Writ, vol. 2. Furthermore, Judge Skinner appoints (3) undisclosed public defender's to show appellate courts the new appointments release liability of ineffectiveness pre-trial. Plaintiff objected for Subpoenas issuance, for (Ret) Judge Charles J. Ramsay and then Richard Langlois ⊛. The 379th and 186th Courts both denied substantive discovery evidence. Most importantly, both Judges and Fourth Court of Appeals after reviewing evidences, refused to entertain an official Court of Inquiry, see TxCCP Art 52.01 a, to investigate such an overt act of fraud committed by non governmental and those under the color of law the, equal protection white defendant's receive. This scheme is not a 'fishing expedition'. ⊛ Richard died in 2022, he was a witness in 2021, = unfairness.
a.

## John Charles Bunk Pattern

The 'Public Defender's Scheme' strikes again In Re Jones, 2009CR 12902, 227th District Court. John Bunk is a secretive counsel for Jones who filed a motion pro-se, which was denied because [he] was informed John Charles Bunk had been forced appointment of counsel without defendant's consent. The other discovery is 'John Charles Bunk Also is a disqualified counsel because [he] once was District Attorney and working under the lead counsel for the STATE, in Jones, DA Susan Reed. This 'Faretta' scheme violates Art V § 11 and TxCCP Ann Art. 2.08. These (2) instances are 'stated by date, place, and adequate proof to show 'a pattern' of criminality" cit Lamar v. U.S. 241 U.S. 103 (1916), no. 895. Bunk and Shaunessey were also Prosecutors in my case of old, 1999-CR-0720, 04-99-00913-CR Aren't they supposed to be disqualified to practice in any of my proceedings?

10.

## HARM

That but for race, inequality, disparate treatment by the 'Defendant etal,' the plaintiff would not have suffered losses of [his] legally protected rights. See Comcast Corp. v. Nat'L Ass'n African American Owned Media, 140 S.CT. 1009, 2020 U.S. Lexis 1908, rem'd, applying Williams v. Mississippi 170 u.s. 213, 18 S.CT. 583 (1898); 360 F.R.Civ. Proc et seq; 42 USCS § 1981 (a-c) ('As white citizens' is the motivating factor behind injurious action). Rule 60, governs Plaintiffs arguments in prior civil suits against similar defendants: Plaintiff v. State Commission Judicial Conduct; Plaintiff v. Glen Hegar et al defts.; Plaintiff v. Joe Gonzales et al Deffs. and; John B. Williams v. John C. Bunk et al def's. All suits in equity filed in this Western District, San Antonio, Division in 2021-2022. Same cause of action 2019 CR 6240

Doctrine of Equitable Tolling applies also to Rule 60, Joinder of Action where factual issues exist. See Hill v. Equitable Bank, 655 F. Supp 631 (Equitable Tolling Doctrine stops the running of the statute of limitations on a fraud cause of action if the plaintiff remains in ignorance of the fraud without any fault or lack of diligence on his part), applying Holmberg v. Ambrecht, 327 U.S. 392, 397, 66 S.CT. 582, 90 L. Ed 743 (1946). The fraud was discovered in March, 2022 and recorded in the Bexar County Case log History, February 8, 2021. Plaintiff objections are included in the Pretrial Writ of Habeas Corpus prior this element of fraud. See Writ.

(over)

pg. 15
42USCS 1981

## II.

### Argument and Authorities

#### a.

1. In civil rights actions, 'pleadings are to be liberally construed and a complaint should not be dismissed unless it appears beyond a reasonable doubt plaintiff can not prove, set of facts, contrary this case. See Fitz Kev. Shappell, 468 F 2d 1072. Plaintiff[is] subjected to racially motivated, malicious prosecution actionable under 42 U.S.C.S. § 1981, see Bouquett v. Clenner, 626 F Supp 46, 1985 U.S. Dist. Lexis 18084 (S.D. Ohio 1985); 42 USCS § 1983 does not need to be coextensive for 28 USCS 1443 removal, and criminal conduct under color of law is not barred by 11th USCA without a hearing for Inquiry of Declaratory Judgment and Relief. All prior suits enjoined in part dismissed without prejudice. See Leonard v. City of Frankfort Elec. and Water Plant Board, 752 F 2d 189, 194 n.9 (6th Cir 1984) (A municipality is vicariously liable, substantive rather than remedial).

#### b.

Government officials' actions are, arbitrarily and racially discriminatory by undertaking a token investigation [Count of Inquiry] Tx CCP Art. 52.01(a), to determine if a black plaintiff's rights ha[s] been violated by state law enforcement personnel. See Run you v. McCrary, 427 U.S. 160, 96 S.Ct. 2586 (Both attorney's and Judge's created a loss of contract interest or in this case appeal because transcript was not provided. See R.R. August 25, 2022; October 14, 2022, October 28, 2022; and December 6, 2022 All *Absent* from appellate record violating TRAP Rule 34.6 et seq.) Denials of 04-22-00698-CR, 04-22-00815, 04-22-00695-CR and 04-23-00821-CR.

pg. 16
42 USC 1981

C.

Civil Right Act of 1991

P.L. 102-166 § 3. 105 Stat 1071

(1) remedy intentional discrimination in "workplace" harassment unlawful.

(Plaintiff reiterates, all harm and Equal Protection violations existed in the courtrooms... the 'defendants et al' workplace.)

(2) codify "business necessity" see Griggs v. Duke Power Co. 401 US 421 (1971); also Wards Cove Packing Co. v. Atonio, 490 US 642 (1989)

(Plaintiff contends, all unredressed issues for this Federal Court must be resolved as a [court] "business necessity".

(1)

Thirteenth Amendment USCA

"Slavery prohibited nor involuntary servitude, unless shall have been duly convicted. Defn. 'duly', "in a due manner"; "properly" Plaintiff has not been duly convicted and court records disclose violations of XIII and XIV, equal protection of the laws and statutes. In re Parrott, 1 F 481 (1880); see Jenkins v. McCollum, 446 F Supp 667, 1978 U.S. Dist. Lexis 19191 (N.D. Ala. 1978) ("discriminatory purpose has been motivating factor behind injurious action [s] ") ("Intent"), 'Defendants et al', conspired, Public Defender's Scheme, is a 'calculated', 'premeditated', 'practiced', act of Joint Participation of "officer's" to deprive, and discriminate against a
(over)

pg. 17
42 USCS 1981

... black and diligent plaintiff who challenges officials with vigor of an unconscionable conduct "under the color of law" and God. See Phillip v. Univ. of Rochester, 316 F 3d 294, (2nd Cir 2003) (motivated by Judicial Racial animosity); Mahone v. Waddle, 564 F 2d 1018 (3rd Cir 1977) (42 U.S.C.s § 1981 is a statute, created to protect All plaintiff's rights Against both governmental and private interference. I.D Phillip 316 F 3d 291. Defendant Leo Caldera is the Bexar County Auditor and inquiries fall under Freedom of Information Act and Texas Public Information Act on the financial transactions in question. Justice Thomas calls the racial biased past in particular states. today 'Repugnant

d.

"Declaratory Judgments are removable", see Conceived Citizens of Neighborhood Schools Inc v. Board of Education (clearly public interest inquiry, as this case.) 379 F Supp 1233 (1974 E. A Tenn); 28 USCS § 1443 "A hearing must occur" applying Georgia v. Rachel, 384 US 780, 86 S. CT 1783; 28 U.S.C. S. § 1443(1); Johnson v. Mississippi, 421 US 213, 96 S. CT 1591 (1975) (sham, corrupt, avoiding state level court of inquiry investigation); Greenwood v. Peacock, 384 U.S 808, 86 S. CT 1800 (Appeasable orders remanded by Legislature); New York v. Jenkins, (422 F Supp 412, 1976 U.S. Dist Lexis 12682 (S.D. N.Y. 1976) (contravention of specifically protected civil right violations) (no surrender of any purchased transcripts by plaintiff from contractual obligation of CSR Geneva Garcia, 186th District Court Reporter) to Judge Jefferson Moore with holding official court documents is misconduct.

(1)

Appearing 'pro se' is a 'class' by itself, and adding 'black' 'competent', 'articulate' will bring a racial bias, and has to the

Pg 18
42 USCS 1981

... forefront which motivated these official oppession based proceedings and multiple appellate cause numbers for the same trial case. See Walker v. Georgia, 417 F 2d 5 (5th Cir 1969); Johnson v. California, 473 F 2d 1044, 1973 U.S. App Lexis 12359 (9th Cir 1973)(equal protection clause requires 28 USCS § 1443 relief with similar people entitled similar acts properly) or "Duly".

## 12.
## Abuse of Power

The U.S.S.C. already has clearly concluded a Petition for Habeas Corpus filed BEFORE the district court can entertain a STAY application, where stay is granted, and when necessary to give effect to rights to appellant be entertained, see McFarland v. Scott, 512 U.S. 849, 129 L Ed 2d 666, 114 S. CT 2568 (1994), cit. Commonwealth v. Morris, 565 PA 1; also Bd of Ed. v. City Wide Comm, 342 F 2d 284 (stay pending appeal). Now Defendant's Reverse Order in 04-22-00695-CR and assign appeal to 04-22-00698-CR after disposition of Writ of Mandamus filed in 04-23-00221-CR? And on June 5, 2023, deny Pro Se Appellant Brief?

This Federal Court is implored to intervene, 28 USCS 1443 for the Plaintiff's En Banc Reconsideration assigned to 04-22-00695-CR. (4) Appellate cause numbers from one action requires all causes to be "joined accordingly, preserved suits without prejudice noted as a Plaintiff's last and final plea to redress only unexhausted remedy. See attached Order. (no copy available)

(over)

pg. 19
42 USCS 1981

## 13.

## WARDIUS v. OREGON
### 412 US 470

'Substantive violation exists in the absence of a strong showing of state interests to the contrary, discovery must be a 'two-way street'. The STATE MAY NOT INSIST that trials be run AS A "search for truth" so far as defense, witnesses are concerned, while maintaining 'poker-game" secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge in details of his own case while at the same time subjecting [him] the hazard of surprise, concerning refutation of the very pieces of evidence which [he] disclosed to the state.'

"Nothing in THE Equal Protection Clause of the XIV Amendment precludes STATES from experimenting with systems of broad discovery designed to achieve the goals of increasing the evidence available to both parties and enhancing the fairness of the adversary system." The RECIPROCAL = equal rights to discovery must oblige the plaintiff.

## 14.

## IN RE BARR
### 13 SW 3d 525, 1998
### Review Tribunal of Texas
### INQUIRY NO. 67, opinion, Part 1

"Judges have extraordinarily little interest in the use of insulting, degrading, vile, and sexist language, while the public interest in judicial dignity and impartiality is correspondingly high"

Pg. 20

42 USCS 1981

## In Re Barr cont'd

"While mere legal error should best be left to the appellate courts of the state, rather than the disciplinary process, that does not mean that legal error can never constitute judicial misconduct. Generally, there are three circumstances in which legal error may be found violative of one or more of the Canons:

(1) commission of "egregious" error

(2) commission of continuing pattern of legal error, or

(3) commission of legal error which is founded on bad faith

See In Re Quirk, 97-1143 (LA 12/12/97) 705 So. 2d 172, 1997 LA Lexis 3359, 1997 WL 765985.

'Defendants et al', Judge, Melisa Skinner, Judge Ron Rangel and Judge Jefferson Moore, violated Art V § 1-a (6) A, Texas Constitution by legal rulings or actions made contrary to clear and determined law about which there is no confusion or question as to its interpretation and where the complained of legal error is egregious, made as part of a pattern or practice of legal error, or made in bad faith.

## a.

### In Re Barr, Opinion at 544, Part 2

"There can be no greater threat to a free society than judicial anarchy which would certainly be realized through the continued erosion of judicial independence. It is that constant quest for independence

(over)

Opinion cont'd In Re Banc

... "that should prohibit the imposition of disciplinary action upon a judge for an incorrect ruling. The potential impact on the independence of the judiciary in the State of Texas cannot be overstated, for the preservation of an independant judiciary requires that judges not be exposed to personal discipline on the basis of case outcomes or particular rulings. Judicial independence is the cornerstone of our system of justice as is recognized in the Preamble to the Texas Code of Judicial Conduct, which states, "our legal system is based on the principle that an independant, fair and competent judiciary will interpret and apply the laws that govern us." Tx CJC Preamble, (1993). Furthermore, the provisions of the code are intended to state basic standards which should govern the conduct of all judges and to provide guidance to assist judges in establishing and maintaining high standards of judicial and personal conduct. Consequently, we note that a truly independant judge is one who is able to rule as [she] or [he] determines appropriate, without any fear of political retaliation or disciplinary reprisals.

15.

Prayer

Plaintiff prays for all relief requested in petition respectfully.

I, JOHN B. Williams IV, declare under the penalty of perjury the foregoing petition and its contents is true and correct to the best of my knowledge. So help me God.

John B. Williams IV
JOHN BERNARD Williams I

Signed on this 7th day of June, 2023

SID# 024 25685



# Fourth Court of Appeals
## San Antonio, Texas

April 17, 2023

No. 04-22-00695-CR

John Bernard **WILLIAMS** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6240
Honorable Jefferson Moore, Judge Presiding

# O R D E R

Sitting:  Rebeca C. Martinez, Chief Justice (not participating)
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

At the direction of Chief Justice Martinez, the Clerk of Court previously provided the parties with a disclosure of potential conflicts.

Additionally, the parties to the above cause are hereby notified that Chief Justice Rebeca C. Martinez,[1] her spouse, or both, may have an interest in the following case(s):

1. Bexar County Cause No. 2022CI14132, *David E. Martinez v. Universal Protection Service, LP, Mario Rios Pineda, Gracie Denise Segundo, and Patrick Clynes*, pending in Bexar County District Court, which involves, at a minimum, attorneys and staff of the following:
   A. Watts Guerra LLP;
   B. Valdez & Trevino, PC; and
   C. Oliva, Saks, Garcia & Curiel, PLLC.

2. Bexar County Cause No. 2022CR10214A, *State of Texas v. Mario Rios Pineda*, pending in the 187th Judicial District Court, Judge Stephanie Boyd

---

[1] Chief Justice Rebeca C. Martinez did not participate in this order.

presiding, which involves, at a minimum, the attorneys and staff of the following:

    A. the Bexar County District Attorney's Office, and

    B. Oliva, Saks, Garcia & Curiel, PLLC.

3. Bexar County Cause No. 2022CR10214B, *State of Texas v. Gracie Denise Segundo*, pending in the 187th Judicial District Court, Judge Stephanie Boyd presiding, which involves, at a minimum, the attorneys and staff of the following:

    A. the Bexar County District Attorney's Office, and

    B. Oliva, Saks, Garcia & Curiel, PLLC.

4. Bexar County Cause No. 693700, *State of Texas v. Mario Rios Pineda*, pending in Bexar County Court at Law No. 4, Judge Alfredo Ximenez presiding, which involves, at a minimum, the attorneys and staff of the following:

    A. the Bexar County District Attorney's Office; and

    B. Oliva, Saks, Garcia & Curiel, PLLC.

5. Bexar County Cause No. 693701, *State of Texas v. Gracie Denise Segundo*, pending in Bexar County Court at Law No. 5, Judge Andrea N. Arevalos presiding, which involves, at a minimum, the attorneys and staff of the following:

    A. the Bexar County District Attorney's Office, and

    B. Oliva, Saks, Garcia & Curiel, PLLC.

6. Bexar County Cause No. 693735, *State of Texas v. Patrick Clynes*, pending in Bexar County Court at Law No. 6, Judge Erica Dominguez presiding, which involves, at a minimum, the attorneys and staff of the following:

    A. the Bexar County District Attorney's Office, and

    B. Oliva, Saks, Garcia & Curiel, PLLC.

In conjunction with these cases, Chief Justice Martinez may have conflicts of interest, including with the following individuals and entities:

1. Mario Rios Pineda;

2. Gracie Denise Segundo;

3. Patrick Clynes;

4. attorneys and staff of Oliva, Saks, Garcia & Curiel, PLLC;

5. attorneys and staff of Valdez & Treviño, PC;

6. attorneys and staff of Watts Guerra LLP;

7. attorneys and staff of the Bexar County District Attorney's Office;

8. Universal Protection Service, LP;

9. the Honorable Stephanie Boyd;

10. the Honorable Alfredo Ximenez;

11. the Honorable Andrea N. Arevalos;

12. the Honorable Erica Dominguez;

13. the Honorable Mary Lou Alvarez;

14. any judge who has made or makes any ruling in the six above-named cases; and

15. any party to any appellate proceeding in this court where the above-named persons or entities are involved.

Chief Justice Martinez has voluntarily recused herself from this appeal.

Because potential conflicts existed that she did not disclose to all parties to this appeal, and the other two panel members had no knowledge of these potential conflicts, we conclude good cause exists to extend the time period for filing a motion for rehearing or motion for en banc reconsideration. *See* TEX. R. APP. P. 2; *In re J.N.L.*, 158 S.W.3d 527, 530 (Tex. App.—San Antonio 2004, no pet.) (en banc); *see also* TEX. R. APP. P. 43.6. On its own motion, the court grants an extension of time for any party to file any such motion for rehearing or motion for en banc reconsideration in this cause within sixty days of the date of this order. *See* TEX. R. APP. P. 2, 19.1, 49.9.

Entered this 17th day of April, 2023.

**PER CURIAM**

Attested to: *Michael A. Cruz*
MICHAEL A. CRUZ,
Clerk of Court



# COURT OF APPEALS

| | | |
|---|---|---|
| REBECA C. MARTINEZ<br>CHIEF JUSTICE<br>PATRICIA O. ALVAREZ<br>LUZ ELENA D. CHAPA<br>IRENE RIOS<br>BETH WATKINS<br>LIZA A. RODRIGUEZ<br>LORI I. VALENZUELA<br>JUSTICES | FOURTH COURT OF APPEALS DISTRICT<br>CADENA-REEVES JUSTICE CENTER<br>300 DOLOROSA, SUITE 3200<br>SAN ANTONIO, TEXAS 78205-3037<br>WWW.TXCOURTS.GOV/4THCOA.ASPX | MICHAEL A. CRUZ,<br>CLERK OF COURT<br><br>TELEPHONE<br>(210) 335-2635<br><br>FACSIMILE NO.<br>(210) 335-2762 |

October 26, 2022

Joe D. Gonzales
Bexar County District Attorney
101 W. Nueva St., Suite 370
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

John Bernard Williams III
7918 Hatchmere Ct.
Converse, TX 78109
* DELIVERED VIA E-MAIL & POSTAL *

RE:  Court of Appeals Number:  04-22-00698-CR
     Trial Court Case Number:  2019CR6240
Style:  *In re John Bernard Williams*

Enclosed please find the opinion which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Sincerely,
MICHAEL A. CRUZ, CLERK OF COURT

Lynn Domangue
Legal Assistant, 335-3207



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00698-CR

**IN RE John Bernard WILLIAMS**

Original Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: October 26, 2022

PETITION FOR WRIT OF PROHIBITION DENIED

On October 21, 2022, relator filed a petition for writ of prohibition. Relator also filed a motion for stay of the underlying trial proceedings. After considering the petition and the record, this court concludes relator is not entitled to the relief sought. Accordingly, the petition for writ of prohibition is denied. *See* TEX. R. APP. P. 52.8(a). Relator's motion for stay is denied as moot.

PER CURIAM

DO NOT PUBLISH

---

[1]This proceeding arises out of Cause No. 2019CR6240, styled *State of Texas vs. John B. Williams III*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Jefferson Moore presiding.

FILE COPY



# COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

REBECA C. MARTINEZ
CHIEF JUSTICE
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
IRENE RIOS
BETH WATKINS
LIZA A. RODRIGUEZ
LORI I. VALENZUELA
JUSTICES

MICHAEL A. CRUZ,
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

March 9, 2023

John Bernard Williams III
TDCJ#02425623
Byrd Unit
21 FM 247
Huntsville, TX 77320

Joe D. Gonzales
Bexar County District Attorney
101 W. Nueva St., Suite 370
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   04-23-00221-CR
      Trial Court Case Number:   2019CR6240
Style:  In re John Bernard Williams III

        The Relator's Petition for Writ of Mandamus in the above styled and numbered cause has this date been filed.

                                    Very truly yours,
                                    MICHAEL A. CRUZ, CLERK OF COURT

                                    Luz Estrada
                                    Chief Deputy Clerk, Ext. 3219

cc: Honorable Jefferson Moore (DELIVERED VIA E-MAIL)
    Barbara Paulissen (DELIVERED VIA E-MAIL)
    Honorable Kristina Escalona
    Gloria Martinez (DELIVERED VIA E-MAIL)