UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
June 21, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

| | |
|---|---|
| **JOHN BERNARD WILLIAMS III,** § | |
| **TDCJ #02425623,** § | |
| § | |
| **Plaintiff,** § | |
| § | SA-23-CV-00770-OLG |
| v. § | |
| § | |
| **HON. JEFFERSON MOORE, ET AL.,** § | |
| § | |
| **Defendants.** § | |

### ORDER OF DISMISSAL

Before the Court is what appears to be a 42 U.S.C. § 1983 Civil Rights Complaint filed by *pro se* Plaintiff John Bernard Williams III and a Motion to Proceed *In Forma Pauperis* ("IFP"). (Dkt. Nos. 1, 2). Upon review, Williams's motion to proceed IFP is **DENIED** and his Complaint is **DISMISSED WITHOUT PREJUDICE**. (Dkt. Nos. 1, 2).

#### APPLICABLE LAW

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because section 1915(g) requires a showing of "imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to

occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

## APPLICATION

While incarcerated, Williams has filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Williams v. Dawson Cnty., et al.*, No. 5:04-CV-00136-BG (N.D. Tex. Jan. 27, 2005) (dism'd as frivolous); *Williams v. Harle, et al.*, No. 1:04-CV-00389-SS (W.D. Aug. 19, 2004) (dism'd for failure to state claim upon which relief may be granted); *Williams v. Schaefer, et al.*, No. 5:04-CV-00549-WRF (W.D. Tex. Aug. 6, 2004) (dism'd with prejudice as frivolous or for failure to state claim upon which relief may be grantd based on limitations). Therefore, based on the three–strikes rule, Williams may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Construing Williams's Complaint liberally, the Court finds his claims only challenge Defendants' alleged acts or omissions relating to his prior criminal conviction. (Dkt. No. 1). The Court finds Williams has not met the required standard for avoiding the three–strikes dismissal rule because his Complaint contains no factual allegations showing he is any sort of imminent danger. (*Id.*). Thus, based on his allegations, the Court finds Williams has failed to establish he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## CONCLUSION

Because Williams has filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and has failed to establish he is in "imminent danger of serious physical injury," his Complaint is subject to dismissal. Williams may only proceed with this action if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate.

**IT IS THEREFORE ORDERED** that Williams's motion to proceed IFP is **DENIED** (Dkt. No. 2) and his 42 U.S.C. § 1983 Civil Rights Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of § 1915(g). Williams is advised that his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order.

It is **SO ORDERED**.

**SIGNED** this 21st day of June, 2023.

_____
ORLANDO L. GARCIA
United States District Judge